**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DYNACOM MANAGEMENT, LLC, ALI SETORK,
and MINA SETORK,

      Plaintiffs,                                     Case No.:  2023-cv-15996
                                                        Hon. Nancy L. Maldonaldo

v.

UNITED STATES LIABILITY INSURANCE
COMPANY, RODOLFO LECHUGA, LUIS MANUEL
RODRIGUEZ-JIMINEZ, and JOAQUIN NEVAREZ

      Defendants.

## **ANSWER**

     NOW COME Defendants RODOLFO LECHUGA, LUIS MANUEL RODRIGUEZ-

JIMINEZ, and JOAQUIN NEVAREZ by their attorney and Answers as follows:\

1. DynaCom Management, LLC (DynaCom") is a limited liability corporation, with its principal place of business in Naperville, Illinois.

**ANSWER:** Admitted.

2. Ali Setork is an individual who resides in Illinois, and who at all times relevant herein was the President of DynaCom.

     **ANSWER:** Upon information and belief, admitted.

3. Mina Setork is an individual who resides in Illinois, and who at all times relevant herein was the Corporate Financial Officer of DynaCom.

**ANSWER:** Upon information and belief, admitted.

4. United States Liability Insurance Company ("USLI") is an insurance company, which at all times herein relevant was licensed to and which did transact insurance business in the State of Illinois.

     **ANSWER:** Admitted.

1

5. Rodolfo Rodrigues-Jimenez, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez (the "Claimants") are the plaintiffs in two separate actions pending before the United States District Court for the Northern District of Illinois, who are nominal but necessary parties to this declaratory judgment action, and although no specific relief is sought against them, the Claimants have been joined herein solely in order to be bound by the judgment rendered in this cause. In the event the Claimants stipulate and agree to be bound by the judgment rendered in this cause, then Plaintiffs will seek to voluntarily dismiss them from this action.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez admit

that Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez are plaintiffs in three

separate actions pending before the United States District Court for the Northern District of Illinois.

USLI lacks sufficient information or knowledge upon which to form a belief as to the truth of the

remaining allegations of paragraph 5; therefore, USLI denies same.

6. USLI issued successive Employment Practices Liability insurance policies to DynaCom Management Inc., as named insured, under policy numbered EPL1563033, for the effective policy periods from April 4, 2022 to April 4, 2023, and from April 4, 2023 through April 4, 2024. What has been represented as true, correct and certified copies of each USLI policy are attached hereto, made a part hereof, and marked as Pleading Exhibits A and B, respectively.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez admit

that Policy No. EPL1563033E, effective for the policy period of April 4, 2022 to April 4, 2023, and

Policy No. EPL1563033F, effective for the policy period of April 4, 2023 to April 4, 2024, to

DynaCom Management, Inc. (hereinafter the "USLI Policies") are attached to Plaintiffs' Amended

Complaint as Exhibits A and B.

## THE LECHUGA ACTION

7. On May 6, 2022, Rodolfo Lechuga, individually and on behalf of all persons similarly situated, filed suit against DynaCom, Ali Setork, and Mina Setork (collectively the "Insureds") seeking damages pursuant to §216(b) of the Fair Labor Standards Act (FLSA), the Illinois Minimum Wage Law (IMWL), the Illinois Wage Payment and Collection Act (IWPCA), and the Illinois Classification Act (ICA). A true and correct copy of the Lechuga lawsuit is attached hereto, made a part hereof, and is marked as Pleading Exhibit C.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez admit that Rodolfo Lechuga, individually and allegedly also on behalf of all persons similarly situated, filed suit

2

against Plaintiffs on or about May 6, 2022 (hereinafter the "*Lechuga* lawsuit"). Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez admits that a copy of the complaint filed in the *Lechuga* lawsuit is attached to Plaintiffs' Amended Complaint as Exhibit C.

8. The Insureds tendered their defense of the Lechuga action to USLI.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 8.

9. By letter dated January 10, 2023, USLI accepted the Insureds' defense subject to a reservation of rights. A true and correct copy of the January 10, 2023 letter is attached hereto, made a part hereof, and marked as Pleading Exhibit D.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez admit that a copy of a January 10, 2023 letter is attached to Plaintiffs' Amended Complaint as Exhibit D and admit that the contents of the letter are recited in part in ¶ 9.

10. In the January 10, 2023 letter, USLI informed the Insureds that it had assigned the Insureds' defense to its panel counsel, Michael Luchsinger with the law firm of Segal McCambridge Singer Mahoney LTD.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez admit that a copy of a January 10, 2023 letter is attached to Plaintiffs' Amended Complaint as Exhibit D and admit that the contents of the letter are recited in part in ¶ 10.

11. The January 10, 2023 letter did not advise the Insureds of a conflict of interest having its panel counsel defend the Insureds while USLI reserved its rights to exclude coverage.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 8.

12. The January 10, 2023 letter did not advise the Insureds of a right to independent defense counsel of their choosing to be paid by USLI.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 8.

13. By letter dated March 10, 2023, USLI supplemented its January 10, 2023 coverage position letter. A true and correct copy of the March 10, 2023 letter is attached hereto, made a part hereof, and marked as Pleading Exhibit E.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez admit that a copy of a March 10, 2023 letter is attached to Plaintiffs' Amended Complaint as Exhibit E and admit that the contents of the letter are recited in part in ¶ 13.

14. The March 10, 2023 letter advised the Insureds that their defense was being reassigned to panel counsel Ryan Danahey with the law firm of Downey & Lenkov LLC.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez admit that a copy of a January 10, 2023 letter is attached to Plaintiffs' Amended Complaint as Exhibit D and admit that the contents of the letter are recited in part in ¶ 14.

15. The March 10, 2023 letter advised the Insureds that "[s]ince the plaintiff was not employed by DynaCom Management, Inc., [USLI] [was] providing a defense only, no indemnification."

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez admit that a copy of a March 10, 2023 letter is attached to Plaintiffs' Amended Complaint as Exhibit D and admit that the contents of the letter are recited in part in ¶ 10.

16. The March 10, 2023 letter did not advise the Insureds of a conflict of interest having its panel counsel defend the Insureds while USLI stated that it would not provide indemnity coverage

**ANSWER: :** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez admit that a copy of a March 10, 2023 letter is attached to Plaintiffs' Amended Complaint as Exhibit D but they lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 16.

17. The March 10, 2023 letter did not advise the Insureds of a right to independent defense counsel of their choosing to be paid by USLI.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez admit that a copy of a March 10, 2023 letter is attached to Plaintiffs' Amended Complaint as Exhibit D but they lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 17.

18. USLI has never advised the Insureds of a conflict of interest nor has USLI advised the Insureds of a right to independent counsel to be paid by USLI.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 18.

19. The Lechuga lawsuit settled in principle on June 5, 2023. USLI refuses to provide any indemnity coverage to the Insureds for the settlement of the Lechuga lawsuit.

**ANSWER:** DENIED that the Lechuga lawsuit settled. Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 19.

**THE *RODRIGUEZ-JIMENEZ* ACTION**

20. On May 9, 2023, Rodriguez-Jimenez filed a complaint against the Insureds seeking damages pursuant to §216(b) of the Fair Labor Standards Act (FLSA) and the Illinois Minimum Wage Law (IMWL). A true and correct copy of that action is attached hereto, made a part hereof, and marked as Pleading Exhibit F.

**ANSWER:** ADMITTED.

21. The Insureds tendered their defense of the Rodriguez-Jimenez action to USLI.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 21.

22. USLI responded that the Rodriguez-Jimenez action and the Lechuga action would be handled "under one claim with one eroding sublimit" pursuant to the 2022-23 policy because the "complaints are interrelated." USLI provided the following "policy wording regarding interrelated wrongful acts:" It is further agreed that the same **Wrongful Act,** an interrelated series of **Wrongfully Acts** or a series of similar or related **Wrongful Act** by one or more **Insureds** shall be deemed to be one **Wrongful Act** and to have commenced at the time of the earliest **Wrongful Act.**

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 22.

23. The Insureds subsequently retained coverage counsel at their own personal cost to review USLI's claim handling with respect to the Lechuga and Rodriguez-Jimenez claims.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 23.

24. On June 14, 2023, the Insureds, through their coverage counsel, advised USLI that its determination that the Lechuga and Rodriguez-Jimenez claims were "interrelated" was incorrect.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 24.

25. On June 27, 2023, USLI informed the Insureds that it would be setting up a new claim for the Rodriguez-Jimenez matter with a separate sublimit and retention.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 25.

## USLI'S CONDUCT

26. While controlling the Insureds' defense in the Lechuga action, USLI instructed panel counsel to file a motion to consolidate the Lechuga action and the Rodriguez-Jimenez action for discovery purposes. A true and correct copy of an email containing the assertions in the draft motion is attached hereto, made a part hereof, and marked as Pleading Exhibit G.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 26.

27. USLI tried to assert in the Lechuga action that the Luchaga [sic] and Rodriguez-Jimenez cases should be consolidated for discovery purposes because they "are virtually a Venn diagram of the factual and legal issues to be resolved."

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 27.

28. The Insureds objected to USLI's attempt to file a motion to consolidate on their behalf because they believed that USLI was attempting to manipulate the underlying cases to bolster USLI's mistaken coverage position that the Lechuga and Rodriguez-Jimenez claims were "interrelated."

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 28.

29. During the defense of the Lechuga matter, USLI wasted the Insureds' eroding sublimit in numerous ways, including but not limited to, paying unnecessary legal fees, expenses, and costs to panel counsel and third-party e-discovery vendors. USLI made certain promises to the Insureds with respect to payment of panel counsel's invoices which went unfulfilled. USLI also wrongfully refused to contribute to the settlement of the Lechuga matter.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 29.

30. During the defense of the Rodriguez-Jimenez matter, a dispute arose between the Insureds and USLI with respect to how the Insureds should respond to the underlying complaint. This dispute created an irreconcilable conflict of interest between the Insureds and USLI (and its panel counsel).

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 30.

31. Despite the Insureds' request to do otherwise, USLI directed its panel counsel to file certain responsive pleadings on behalf of the Insureds that were not in the Insureds' best interests.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 31.

32. After panel counsel, at the direction of USLI, refused to honor the Insureds' request on how to handle their defense, the Insureds demanded panel counsel withdraw from their defense. The Insureds advised USLI of a conflict of interest and requested that USLI pay for their independent counsel.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 32.

33. USLI refused to acknowledge that there was a conflict of interest in the Rodriguez-Jimenez action.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 33.

34. USLI refused to allow its panel counsel to withdraw from the defense of the Rodriguez-Jimenez action despite an irreconcilable conflict between the Insureds and USLI (and panel counsel) as to how to defend the case

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 34.

35. Under duress imposed by USLI's conduct, the Insureds were forced to withdraw their tender of the Rodriguez-Jimenez action without prejudice to facilitate a withdrawal of panel counsel from the defense.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 35.

36. USLI initially continued to control the Insureds' defense and refused to accept the withdrawal of tender or allow its panel counsel to withdraw from the Rodriguez-Jimenez action.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 36.

37. After USLI finally instructed panel counsel to withdraw from the Rodriguez-Jimenez action, the Insureds' independent counsel filed a motion to withdraw the answers previously filed by panel counsel against the wishes of the Insureds. The District Court refused to allow the Insureds to withdraw the answers.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez admit that the District Court did not allow the withdrawal of the Answers, however Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 37.

38 Thereafter, the Insureds retendered the Rodriguez-Jimenez action to USLI along with their demand for independent counsel

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 38.

**THE NARVAREZ ACTION**

39. On August 9, 2023, Nevarez filed an action against the Insureds pursuant to 216(b) of the Fair Labor Standards Act, the Illinois Minimum Wage Law 820 ILCS 105/1 et seq., The Illinois Wage Payment and Collection Act (IWPCA) and the Illinois Classification Act (820 ILCS 185/1), which acting [sic] is currently pending in the United States District Court for the Northern District of Illinois, under Cause No. 23 cv 5248. A true and correct copy of the Nevarez action is attached hereto as Pleading Exhibit H.

**ANSWER:** ADMITTED.

40. The Insureds tendered their defense of the Nevarez action to USLI, and the Insureds requested the right to independent counsel to be paid by USLI.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 40.

41. USLI refused to accept the Insureds' request for independent counsel.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 41.

## PROVISIONS OF THE USLI POLICIES

42. Each USLI policy is a Claims Made Policy covering Claims first made against the Insured during the policy period or extended policy period.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 42.

43. Each USLI Policy contains a Fair Labor Standards Act Sub-Limit Endorsement, which provides, in pertinent part as follows:

It is agreed that
I. INSURING AGREEMENT is amended by addition of the following:
C. The **Company** will pay on behalf of the **Insured** a sub-limit of liability of $100,00 in excess of the Retention for all **Loss** and **Defense Costs** combined that the **Insured** shall become legally obligated to pay because of **Claims** first made against the **Insured** during the **Policy Period** of Extended Reporting Period, if applicable, for any actual or alleged violation of the federal Fair Labor Standards Act, any amendments thereto, or the provisions of any similar federal, state or local law regulating minimum wage, working hours, overtime, child labor, record keeping and other matters regulated under the federal Fair Labor Standards Act including misclassification of or misrepresentation to **Employees** under these laws. The sub-limit does not apply to restrict the Limit of Liability described in **A.** above, for **Claims** alleging violations of Equal Pay Act.
III. DEFINITIONS, R. "Wrongful Act", is amended to add the following

**(10)** violation of the federal Fair Labor Standards Act, any amendments thereto, or the provisions of any similar federal, state or local law regulating minimum wage, working hours, overtime, child labor, record keeping and other matters regulated under the federal Fair Labor Standards Act;
IV. EXCLUSIONS, B.(9), is deleted in its entirety for purposes of coverage provided by this end

V. LIMITS OF LIABILITY AND RETENTION is amended by addition of the following:
The $100,000 Sub-Limit of Liability for an actual or alleged violation of the Fair Labor Standards Act, amendments thereto or provisions of any similar federal, state or local law regulating minimum wage, working hours, overtime, child labor, record keeping and other matters regulated under the federal Fair Labor Standards Act shall be a part of and not in addition to the Limit specified in the Policy Declarations. **Defense Costs** for **Claims** arising out of an actual or alleged violation of the Fair Labor Standards Act, amendments thereto or provisions of any similar federal, state or local law

regulating minimum wage, working hours, overtime, child labor, record keeping and other matters regulated under the federal Fair Labor Standards Act shall be included within the $100,000 Sub-Limit of Liability set forth in this endorsement. The $100,000 Sub-Limit of Liability shall be the maximum liability for **Loss** and **Defense Costs** from all **Claims** for actual or alleged violations of the Fair Labor Standards Act, amendments thereto or provisions of any similar federal, state or local law regulating minimum wage, working hours, overtime, child labor, record keeping and other matters regulated under the federal Fair Labor Standards Act.

VIII. DEFENSE AND SETTLEMENT, **B.,** is amended by addition of the following:

However, in the case of a **Claim** involving an actual or alleged violation of the Fair Labor Standards Act, amendments thereto or provisions of any similar federal, state or local law regulating minimum wage, working hours, overtime, child labor, record keeping and other matters regulated under the federal Fair Labor Standards Act, the **Company** will pay **Defense Costs** until such time as the $100,000 Sub-Limit of Liability provided by INSURING AGREEMENT, C., is exhausted by payment of **Loss** and/or **Defense Costs** applicable to actual or alleged violations of the Fair Labor Standards Act, any amendments thereto or the provisions of any similar federal, state or local law regulating minimum wage, working hours, overtime, child labor, record keeping and other matters regulated under the federal Fair Labor Standards Act at which point the **Company** shall have no further duty to defend such **Claim.**

All other terms and conditions of this Policy remain unchanged. This endorsement is a part of the **Parent Organization's** Policy and takes effect on the effective date of the **Parent Organization's** Policy unless another effective date is shown.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 43.

## COUNT I

### (DECLARATORY JUDGMENT RE: ESTOPPEL)

44. The Insureds adopt and repeat the allegations of ¶¶ 1 through 43 as and for ¶ 44 hereof as though the same were fully set forth herein.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez adopts and realleges its responses to paragraph 1 through paragraph 43 of Plaintiffs' Amended Complaint as and for its response to paragraph 44 as though the same were fully set forth herein.

45. The Insureds contend that USLI is estopped from raising any coverage defenses to the underlying actions because USLI failed to advise the Insureds of their right to independent counsel and defended the Insureds without disclosing a conflict of interest.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 45.

46. The above contentions of the Insureds are, on information and belief, denied by USLI which, in turn, contends that it is not estopped from raising policy defenses to the underlying actions. The Insureds, in turn, deny the contrary contentions of USLI and each of them.

     **ANSWER:** Paragraph 46 consists of contentions or legal conclusions to which no response is

required. To the extent a response is required, Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and

Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth

of the remaining allegations of paragraph 43.

47. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of section 5/2-701 of the Illinois Code of Civil Procedure (735 ILCS §5/2-701), this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

**ANSWER:** To the extent that paragraph 47 makes a legal conclusion, no response is required Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 43.

     WHEREFORE, USLI denies that Plaintiffs are entitled to the relief requested under Count I

and requests that this Honorable Court enter an Order declaring the rights and obligations of the parties

with respect to coverage under the USLI Policies in relation to the underlying actions, declaring that

Plaintiffs are not entitled to any relief against USLI, and awarding such other relief as the Court deems

appropriate.

**COUNT II**

**(BREACH OF CONTRACT)**

48. The Insureds adopt and repeat the allegations of ¶¶ 1 through 47 as and for ¶ 48 hereof as though the same were fully set forth herein.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez adopts and realleges its responses to paragraph 1 through paragraph 47 of Plaintiffs' Amended Complaint as and for its response to paragraph 48 as though the same were fully set forth herein.

49. USLI has breached its policies of insurance by (1) failing to advise the Insureds of a conflict of interest; (2) wasting the eroding sub-limit of the 2022-23 policy; (3) failing to advise the Insureds of their right to independent counsel to be paid by USLI; (4) attempting to manipulate the underlying actions to bolster a purported coverage defense; (5) failing to timely allow panel counsel to withdraw from the defense of the Rodriguez-Jimenez matter; (6) refusing to acknowledge a conflict of interest in the defense of the underlying claims; (7) refusing to allow panel counsel to abide by the wishes of the Insureds with respect to defense strategy in the Rodriguez-Jimenez matter; (8) refusing to pay for the Insured's independent defense counsel in the underlying actions; and (9) asserting an incorrect coverage defense to the Rodriguez-Jimenez action.

**ANSWER:** To the extent that paragraph 49 makes a legal conclusion, no response is required Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 49.

50. At all times herein relevant, USLI owed the following to the Insureds with respect to the covenant of good faith and fair dealing under its policies:
(a) A duty to give equal consideration to the Insureds' interests as it gives to its own interests when deciding whether to defend, try or settle a claim.
(b) A duty to exercise the care that a reasonably careful insurance company would use under circumstances similar to those shown by the evidence in giving as much consideration to the Insureds' interests as to its own interest.
(c) A duty to treat the Insureds honestly, fairly and in good faith.
(d) A duty to thoroughly investigate and evaluate coverage for the claims.

**ANSWER:** To the extent that paragraph 50 makes a legal conclusion, no response is required Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 50.

51. USLI's wasting of the 2022-23 policy sublimit, its refusal to advise the Insureds of a conflict of interest and their right to independent counsel in the underlying actions, its refusal to allow panel counsel to abide by the Insureds' wishes with respect to defense strategy and withdraw from the *Rodriguez-Jimenez* action, in addition to USLI's attempt to use panel counsel to bolster a coverage defense, as well as USLI's failure to immediately recognize that the *Lechuga* lawsuit and the *Rodriguez-Jimenez* action are not one "Claim," are material breaches of the USLI policies.

**ANSWER:** To the extent that paragraph 51 makes a legal conclusion, no response is required Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 51.

52. As a direct result of USLI's breaches of contract, the Insureds have suffered damages.

**ANSWER:** To the extent that paragraph 52 makes a legal conclusion, no response is required Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 52.

WHEREFORE, USLI denies that Plaintiffs are entitled to the relief requested under Count II and requests that this Honorable Court enter an Order declaring the rights and obligations of the parties with respect to coverage under the USLI Policies in relation to the underlying actions, declaring that Plaintiffs are not entitled to any relief against USLI, and awarding such other relief as the Court deems appropriate.

## COUNT III

### (DECLARTORY JUDGMENT: ENTITLEMENT TO INDEPENDENT COUNSEL)

53. The Insureds adopt and repeat the allegations of ¶¶1 through 52 as and for ¶ 53 hereof as though the same were fully set forth herein.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez adopts and realleges its responses to paragraph 1 through paragraph 52 of Plaintiffs' Amended Complaint as and for its response to paragraph 53 as though the same were fully set forth herein.

54. The Insureds contend that any panel counsel assigned by USLI will have a conflict of interest representing the Insureds in the underlying actions, and therefore, the Insureds are entitled to independent counsel of their choice to be paid by USLI.

**ANSWER:** To the extent that paragraph 54 makes a legal conclusion, no response is required Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 54.

55. The above contentions of the Insureds are, on information and belief, denied by USLI which, in turn, contends that there is no conflict of interest with respect to panel counsel's defense of the underlying actions. The Insureds, in turn, deny the contrary contentions of USLI and each of them.

**ANSWER:** To the extent that paragraph 55 makes a legal conclusion, no response is required Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 55.

56. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of section 5/2-701 of the Illinois Code of Civil Procedure (735 ILCS §5/2-701), this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

**ANSWER:** To the extent that paragraph 56 makes a legal conclusion, no response is required Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 56.

WHEREFORE, USLI denies that Plaintiffs are entitled to the relief requested under Count III and requests that this Honorable Court enter an Order declaring the rights and obligations of the parties with respect to coverage under the USLI Policies in relation to the underlying actions, declaring that Plaintiffs are not entitled to any relief against USLI, and awarding such other relief as the Court deems appropriate

## COUNT IV

## (STATUTORY BAD FAITH — VEXATIOUS AND UNREASONABLE CONDUCT)

57. The Insureds adopt and repeat the allegations of ¶¶ 1 through 56 as and for ¶ 57 hereof as though the same were fully set forth herein.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez adopts and realleges its responses to paragraph 1 through paragraph 56 of Plaintiffs' Amended Complaint as and for its response to paragraph 57 as though the same were fully set forth herein.

58. There was at all times relevant herein a certain statute known as 215 ILCS 5/155 which provides as follows:
**5/155. Attorney fees** § 155. Attorney fees.
(1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed anyone of the following amounts:
(a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
(b) $60,000;
(c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

(2) Where there are several policies insuring the same insured against the• same loss whether issued by the same or by different companies, the court may fix the amount of the allowance so that the total attorney fees on account of one loss shall not be increased by reason of the fact that the insured brings separate suits on such policies.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez admits

that paragraph 58 accurately quotes the language of Section 155 of the Illinois Insurance Code (215

ILCS 5/155)

59. Following the tender of defense by the Insureds of the underlying actions, USLI failed to advise the insureds of a conflict of interest and their right to independent counsel to be paid by USLI, and USLI controlled the defense of the Insureds to the detriment of the Insureds.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 59.

60. USLI has violated the terms of the foregoing statute in one or more or all of the following ways:
(a) The assertion of purported defenses to coverage which are baseless and without merit.
(b) The failure to advise the Insureds of a conflict of interest in assigning panel counsel while reserving rights to exclude policy coverage.
(c) The failure to immediately advise the Insureds that they were entitled to independent counsel to be paid by USLI.
(d) The failure to recognize once advised by the Insureds that the Insureds were entitled to independent counsel to be paid by USLI.
(e) The failure to allow its panel counsel to abide by the wishes of the Insureds with respect to defense strategy in the Rodriguez-Jimenez suit.
(f) The failure of USLI to allow its panel counsel to withdraw from the Rodriguez-Jimenez action once an irreconcilable conflict arose.
(g) That USLI had no reasonable basis in law or in fact to disclaim its obligations to the Insureds under the 2023/24 Policy with respect to the Rodriguez-Jimenez suit.
(h) That USLI failed or refused to give equal consideration to the Insureds' interests as it gave its own interest when deciding whether to subject the Rodriguez-Jimenez suit to the eroding Sub-Limit in the 2022/23 Policy.
(i) That USLI did not act in good faith where, as here, it attempted to manipulate the underlying cases to make it appear as if the Lechuga action and the Rodriguez-Jimenez suit were the "interrelated" and, thus, subject to one eroding Sub-Limit under the 2022/23 Policy.

That USLI did not act in good faith where, as here, an irreconcilable conflict of interest arose in the handling of the Rodriguez-Jimenez suit and USLI refused to acknowledge such conflict and/or allow the Insureds to retain independent counsel to be paid by USLI.
(k) That USLI did not act in good faith where, as here, USLI refused to honor the Insureds' request for independent counsel to be paid by USLI with respect to the *Nevarez* lawsuit.
(1) That USLI did not act in good faith, where, as here, USLI forced the Insureds to withdraw their tender of the *Rodriguez-Jimenez* without prejudice in order for the Insureds to control their own defense.
(m) That USLI did not act in good faith, where, as here, USLI wasted the sublimit of the 2022-23 policy on unnecessary legal fees, expenses, and costs.
(n) That USLI did not act in good faith, where, as here, USLI refuses to pay for independent defense counsel in any of the underlying actions.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 60.

61. At all times relevant to this action, USLI was either aware that there was a conflict of interest and the Insureds had a right to independent counsel to be paid by USLI or acted with reckless disregard for whether such a conflict of interest and right to independent counsel existed, all in violation of Section 155 of the Illinois Insurance Code.

**ANSWER:** USLI denies that there is or was a conflict of interest with Plaintiffs entitling them to be defended by Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 61.
.

62. At all times relevant to this action, USLI was either aware that it had no reasonable basis in fact or in law for refusing to accept the Rodriguez-Jimenez action subject to the $100,000 Sub-Limit contained in the 2023/24 Policy or acted with reckless disregard for whether such a basis existed, all in violation of Section 155 of the Illinois Insurance Code

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 62.
.

63. At all times relevant to this action, USLI was either aware that it could not attempt to manipulate the underlying cases to bolster a coverage defense or acted with reckless disregard for whether it could do so, all in violation of Section 155 of the Illinois Insurance Code.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 63.

64. At all times relevant to this action, USLI was either aware that it could not instruct its panel counsel to take actions directly opposed to the wishes of the Insureds with respect to defense strategy or acted with reckless disregard for whether it could do so, all in violation of Section 155 of the Illinois Insurance Code.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 64.

65. At all times relevant to this action, USLI was either aware that it could not instruct its panel counsel to remain in the case when the Insureds were asking him to withdraw as their or acted with reckless disregard for whether it could do so, all in violation of Section 155 of the Illinois Insurance Code.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 65.

66. At all times relevant to this action, USLI was either aware that it could not waste the eroding sublimit of the 2022-23 policy or acted with reckless disregard for whether it could do so, all in violation of Section 155 of the Illinois Insurance Code.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 66.

67. USLI had an obligation to act in good faith as part of its coverage obligations to the Insureds, which obligations USLI vexatiously and unreasonably refused to recognize, which resulted in USLI preventing the Insureds from receiving the insurance coverage for which they bargained and to which they are entitled, and causing the Insureds to incur expenses and costs which it would not otherwise be obligated to incur had USLI fulfilled in good faith its contractual obligations.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 67.

68. As a direct result of USLI's breach of its duty of good faith and statutory violations, the Insureds have been forced to incur and will continue to incur additional damages, including, without limitation, attorneys' fees and other expenses and to prosecute this action.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 68.

69. The Insureds are entitled to compensatory, consequential and statutory damages, costs, attorneys' fees, and all other relief permitted by Section 155 of the Illinois Insurance Code from USLI, which

has forced the Insureds to suffer losses and forced them unnecessarily to litigate and devote their resources to recover policy coverage to which they are justly entitled.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 69.

WHEREFORE, USLI denies that Plaintiffs are entitled to the relief requested under Count IV and requests that this Honorable Court enter an Order declaring the rights and obligations of the parties with respect to coverage under the USLI Policies in relation to the underlying actions, declaring that Plaintiffs are not entitled to any relief against USLI, and awarding such other relief as the Court deems appropriate.

**COUNT V**

**(BREACH OF FIDUCIARY DUTY)**

70. The Insureds adopt and repeat the allegations of ¶¶ 1 through 69 as and for ¶ 70 hereof as though the same were fully set forth herein.

      **ANSWER:** USLI adopts and realleges its responses to paragraph 1 through paragraph 69 of

Plaintiffs' Amended Complaint as and for its response to paragraph 70 as though the same were fully

set forth herein.

71. At all times relevant herein, USLI owed a fiduciary duty with respect to its defense of the Insureds in the Rodriguez-Jimenez action

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 71.

72. USLI breached its fiduciary duty to the Insureds in various ways, including but not limited to, the following:

(a) exercising exclusive control over the Insureds' defense of the Rodriguez-Jimenez action to the detriment of the Insureds;

(b) refusing to allow its panel counsel to follow instructions from the Insureds as to how the Insureds wanted to respond to the underlying complaint;

(c) failing to advise the Insureds of a conflict of interest in panel counsel's defense of the Insureds;

(d) refusing to acknowledge an irreconcilable conflict of interest in panel counsel's defense of the Insureds;

(e) refusing to allow panel counsel to withdraw from the Insureds' defense despite multiple requests from the Insureds and their coverage counsel; and

(f) forcing the Insureds to withdraw their tender of defense without prejudice;

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 72.

73. USLI's breaches of fiduciary duty were committed willfully, or with such gross negligence as to indicate a wanton disregard of the rights of the Insureds.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 73.

74. USLI's breaches of fiduciary duty proximately caused damages to the Insureds, including but not limited to, payment of fees and costs to their independent defense counsel, payment of fees and costs to their own coverage counsel, and other damages.

**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 74

75. The Insures [sic] are entitled to punitive damages as a result of USLI's willful and wanton conduct.
**ANSWER:** Rodolfo Lechuga, Luis Manuel Rodriguez-Jimenez, and Joaquin Nevarez lack sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations of paragraph 75.

Respectfully submitted,

By:       -S- John C. Ireland

_____

John C. Ireland

Attorney for the Plaintiff

The Law Office Of John C. Ireland
636 Spruce St.
South Elgin IL
60177
630-464-9675    Facsimile 630-206-0889
attorneyireland@gmail.com

Dated 1/24/2024